UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RAKWENA MOLEFE,

                        Plaintiff,

  -v-                                                  No. 14-CV-1835-LTS-GWG

VERIZON NEW YORK, INC.,

                        Defendant.

-----------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        In this action, pro se plaintiff Rakwena Molefe ("Plaintiff") asserts a variety of claims premised on allegations that Verizon New York, Inc., has engaged, through a foreign affiliate, in surveillance, theft of, and tampering with, his electronic information and telephone calls.  Plaintiff commenced this action in the Supreme Court of the State of New York on or about February 14, 2014.  Defendant Verizon New York, Inc. ("Defendant" or "Verizon"), removed the action to this Court pursuant to 28 U.S.C. § 1441 on March 17, 2014.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

        In accordance with the undersigned's Individual Practices Rules, Verizon wrote to Plaintiff in advance of its anticipated motion to dismiss Plaintiff's complaint, identifying what it contended were deficiencies in Plaintiff's pleading.  (Docket entry no. 4 at 3.)  Plaintiff thereafter filed an Amended Complaint, in which he asserts eleven causes of action: violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution (Count I); violation of Plaintiff's First Amendment rights (Count II); violation of Plaintiff's Fourth

Amendment rights (Count III)[1]; violation of 18 U.S.C. § 2702 (Count IV); violation of 50 U.S.C. § 1809(a) (Count V); violation of 18 U.S.C. § 2701 (Count VI); violation of 18 U.S.C. § 1343 (Count VII); violation of 18 U.S.C. § 2511 (Count VIII); violation of 47 U.S.C. § 201(b) (Count IX); violation of 18 U.S.C. § 1961[2] ("RICO" claim) (Count X); and civil rights violations including illegal search and seizure, free speech interference and racial profiling (Count XI).[3]

Defendant now moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has reviewed throughly all of the parties' submissions and arguments. For the following reasons, Defendant's motion is granted in its entirety.

## BACKGROUND

Plaintiff alleges that Verizon has intercepted his phone calls and e-mails through its relationship with Verint Systems Inc., allegedly an Israeli-owned and controlled entity, over a period spanning several years.[4] (Am. Compl. 2-3, 29.) Plaintiff cites to a book written by James Bamford and published in 2008, entitled The Shadow Factory, which allegedly describes Verizon's ability to monitor its network in association with the National Security Agency and

---

[1] The Court construes Plaintiff's constitutional violation claims as ones asserted pursuant to 42 U.S.C. § 1983 ("Section 1983").

[2] (Am. Compl. 26.) Because 18 U.S.C. § 1961 is a definitional provision, the Court construes Plaintiff's reference as one to 18 U.S.C. § 1962, and the Court analyzes the claim accordingly. 18 U.S.C. § 1964(c) provides a civil remedy for violations of the criminal RICO statute.

[3] Plaintiff cited to no specific constitutional provision or statute in this claim. The Court construes it as a repetition of his Fourteenth, First, and Fourth Amendment claims (Counts I, II and III).

[4] Verint Systems Inc. is not a party to this action.

other law enforcement agencies, and to an Internet site. (Am. Compl. 2.) Plaintiff alleges that Verizon is authorized and licensed to provide telephone and wire services by the United States government. (Am. Compl. 8.) The Amended Complaint includes a list detailing various telephone and Internet service disruptions (namely on June 13, 2009, on February 13, 2012, and from February 18, 2012 to February 27, 2012), Plaintiff's complaints to various domestic and foreign governmental entities and/or Verizon about the incidents, and Verizon's responses if applicable. (Am. Compl. 4-7.) Plaintiff also alleges that an unspecified "someone" blocked his ability to call an associate in South Africa during the week of August 18, 2008, and that an e-mail Plaintiff's associate claimed to have sent went missing. (Am. Compl. 6 and Ex. 2 thereto at 7-8 (Pl.'s Letter to N.Y. Dist. Att'y, August 19, 2008).) Plaintiff also alleges that, on January 15, 2011, Verizon electronically accessed without permission his Universal Serial Bus (USB) memory card and transferred sensitive personal and business files to his wife's electronic device.[5] (Am. Compl. 19.) The Amended Complaint also refers to two suspicious deaths, and to Plaintiff's suggestion (made in an earlier letter to the Manhattan District Attorney's Office) that they may have been connected with the alleged unlawful surveillance and intrusions. (See Am. Compl. 10 and Ex. 2 thereto.) Plaintiff discusses several business ventures that failed to develop beyond the early planning stages. (Am. Compl. 19-21; Ex. 4.) Plaintiff further alleges that Verizon, through Verint Systems Inc., has an ongoing relationship with Israeli pro-apartheid groups. (Am. Compl. 22.)

        Plaintiff notes in his Amended Complaint a disparity in the amounts of his

---

[5] Plaintiff, in his Amended Complaint, refers to the device in question first as his wife's "iPod," then as her "phone." For simplicity, the Court uses the generic term "device."

Verizon bills for the months of May ($173.50), June ($187.17), July ($160.00), and August ($31.85) of 2008.  (Am. Compl. 5; Ex. 1, at 2 (Pl.'s Letter to Verizon, September 8, 2008).) Plaintiff proffers no facts regarding Verizon's response, other than to state they sent one, or as to whether Plaintiff paid the alleged overcharges.

DISCUSSION

When deciding a motion to dismiss, the Court must determine whether a complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  "Submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."  Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted). However, the Court is not required to accept "conclusory statements" made by the Plaintiff as true, nor do "legal conclusion[s] couched as factual allegation[s]" receive such deference. Twombly, 550 U.S. at 555.  As a general matter, each of Plaintiff's claims is supported only by such conclusory statements and recitations of the individual statutory elements.

Deficient Allegations of State Action - Counts I, II, III, V, and XI

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988)[6]; see also 50 U.S.C. § 1809(a) ("a person is guilty of an offense if he

---

[6]   As noted above, the Court construes Plaintiff's constitutional violation claims as ones asserted under 42 U.S.C. § 1983, which provides a civil cause of action for violation of constitutional rights by persons acting under color of state law.

intentionally engages in electronic surveillance under color of law . . . or discloses or uses information obtained under color of law"). Plaintiff's assertion that Verizon is "authorized and licensed under the Government statutes to carr[y] wire communication signals, therefore [it] assumes the role of [the] Government" (Am. Compl. 8), is insufficient to support the state actor or color of law element. See Loce v. Time Warner Entm't Advance, 191 F.3d 256, 266 (2d Cir. 1999). Plaintiff's reliance on Marsh v. Alabama, 326 U.S. 501 (1946), is misplaced, as that case concerned a company town performing the role of the government. See 326 U.S. at 502. Plaintiff's further attempt to portray Verizon's alleged surveillance as "exclusively a state function" (Pl.'s Affirmation in Opp'n to Mot. 4), is unpersuasive and unsupported by applicable precedent. See Jackson v. Metro. Edison Co., 419 U.S. 345, 352-53 (1974) (citing cases discussing functions "traditionally exclusively reserved to the state," which include holding "election[s]," situations involving "company town[s]," and maintaining and operating "municipal park[s]"). Since Plaintiff has not pleaded sufficient facts to plausibly support the claim that Verizon is a state actor or acting under color of law, Counts I, II, III, V, and XI must be dismissed.

The Court turns to Plaintiff's other causes of action.

Count IV: 18 U.S.C. § 2702

Section 2702(a)(1) of Title 18 provides that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service," and § 2702(a)(2) provides that "a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service." Plaintiff does not provide any factual basis for his

conclusory claim of improper disclosure.  He merely asserts that Verizon and non-party Verint are affiliated, that Verint "wiretap[s] and snoop[s] on clients' Internet and telephone calls at Verizon," and that "Verint knowingly divulged [his] communication data to rogue spy networks in the US, and to foreign agents in the US, Israel and South Africa."  (Am. Compl. 2, 17.)  Such conclusory factual allegations and "threadbare recitals of a cause of action's elements," without more, fail to satisfy the pleading standard.  Iqbal, 556 U.S. at 678.  Accordingly, Count IV must be dismissed.

Count VI: 18 U.S.C. § 2701

Section 2701(a) of Title 18 provides that whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided; or intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system" violates the statute.  Plaintiff alleges, without elaboration, that Verizon was responsible for a transfer of files, including documents relating to several unsuccessful business ventures, from his USB card to his wife's device.  (Am. Compl. 19-22.)  Plaintiff provides no factual basis regarding how or why Verizon transferred these files, nor does he explain the factual basis for his belief that Verizon performed any transfer that may have occurred.  These conclusory allegations are insufficient to state plausibly a cause of action.  Accordingly, Count VI must be dismissed.

Count VII: 18 U.S.C. § 1343

Section 1343 of Title 18 is a criminal statute that provides for no civil cause of action.  Count VII therefore fails to state a claim and must be dismissed.

Count VIII: 18 U.S.C. § 2511

Sections 2511 and 2520 of Title 18 provide several potential bases for a civil cause of action arising from the interception and disclosure of wire, oral, or electronic communications.  Under 18 U.S.C. § 2511, the "communication" in question -- oral, electronic, or wire -- must be "intentionally intercepted" or used or disclosed and, during its use or disclosure, the defendant must "know[] or hav[e] reason to know that the information was obtained through the interception."  18 U.S.C.S. § 2511 (LexisNexis 2008).

In the Amended Complaint, Plaintiff fails to provide a sufficient factual basis to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. Plaintiff offers only generalized, highly conclusory allegations that Verizon snoops on or wiretaps its customers through Verint, that he suffered a handful of scattered service interruptions, and that certain of his information migrated to his wife's device. These allegations are insufficient to allege plausibly a claim that Verizon intentionally intercepted or disclosed Plaintiff's information.  Though Plaintiff's discussion of Mr. Bamford's book (Am. Compl. 2, 16) suggests the technological feasibility of the activities Plaintiff alleges, Plaintiff "fails to provide [a] factual basis . . . [for a finding] that his phone and internet services were tapped."  Martinez v. Queens Cnty. Dist. Att'y, No. 12-CV-06262 (RRM) (RER), 2014 WL 1011054, at *15 (E.D.N.Y. Mar. 17, 2014) (emphasis added).  Accordingly, Count VIII is dismissed.

Count IX: 47 U.S.C. § 201(b)

Section 201(b) of Title 47 provides that "[a]ll charges . . . in connection with [communication by wire or radio] shall be just and reasonable, and any such charge . . . that is unjust or unreasonable is declared to be unlawful."  The only allegation Plaintiff proffers in

support of Count IX is the existence of a disparity in billing amounts between the bills rendered for May, June, and July, 2008, and the bill rendered for the month of August, 2008. (Am. Compl. 25-26; Ex. 1, at 2 (Pl.'s Letter to Verizon, September 8, 2008).)

"Federal Rule of Civil Procedure 8(a)(2) requires . . . [that the plaintiff] give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotations omitted). Plaintiff fails to provide specific facts that demonstrate how Verizon's actions are unreasonable, leaving Defendant without notice of "the grounds upon which [the claim] rests." Id. No copies of the statements or indications of Verizon's responses to his complaint are provided, nor does Plaintiff even allege that he paid overcharges. For these reasons, Count IX is dismissed.

Count X: 18 U.S.C. § 1962

To state a RICO claim, Plaintiff is required to plead facts sufficient to establish a plausible inference "(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce." Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983). Plaintiff's conclusory and generalized allegations of wrongdoing by Verizon are entirely insufficient to plead plausibly any of the requisite elements of a RICO cause of action. Count X must therefore be dismissed.

CONCLUSION

For the foregoing reasons, Defendant's motion is granted in its entirety, and Plaintiff's Amended Complaint is dismissed. The Clerk of Court is requested to enter judgment in Defendant's favor and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

This Memorandum Opinion and Order resolves docket entry number 12.

SO ORDERED.

Dated: New York, New York
        March 24, 2015

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Rakwena Molefe
201 West 132nd Street
New York, NY 10027